1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MICHAEL A. SWEET,

11              Plaintiff,                    No. 2:11-cv-2625 EFB P

12        vs.

13    S. KNERL,                               ORDER AND
                                              FINDINGS AND RECOMMENDATIONS
14              Defendants.

15    _____/

16        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action under 42

17    U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

18    U.S.C. § 636(b)(1).  After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an

19    amended complaint.

20        Federal courts must engage in a preliminary screening of cases in which prisoners seek

21    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

23    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

24    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

25    relief."  *Id.* § 1915A(b).

26    ////

1

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

In the amended complaint, plaintiff alleges that the procedures used by defendant Knerl to find plaintiff guilty of possession of dangerous contraband, a disposable razor, violated plaintiff's due process rights. Plaintiff alleges that as a result of being found guilty, he was denied good time credits and assessed six behavior credits. Plaintiff's due process claim is premised on the allegation that defendant Knerl did not follow the procedures set forth in section 3317 of title 15 of the California Code of Regulations. *See* Am. Compl. ("Dckt. No. 14").

In relevant part, section 3317 provides that (1) before documenting the misbehavior of an Enhanced Outpatient Program inmate who is suspected of self mutilation or attempted suicide, the inmate shall be referred for a mental health evaluation, and (2) that if the mental health

1   evaluation determines that it was an actual suicide attempt, the rules violation report shall not be

2   written and instead the behavior shall be documented on general chrono.  Cal. Code Regs. tit. 15,

3   § 3317.

4        According to the allegations in the complaint, plaintiff is an Enhanced Outpatient

5   Program inmate, and his mental health assessment noted that his "depressive feelings are worst

6   near the anniversary of his mother's death[, which] contributed to the behavior that led to the

7   serious disciplinary charge."  Dckt. No. 14.

8        In its initial screening order the court informed plaintiff that his allegations failed to state

9   a cognizable due process claim.  Specifically, the court informed plaintiff of the following:

10       To state a claim for violation of the right to procedural due process, plaintiff must
         allege facts showing: "(1) a deprivation of a constitutionally protected liberty or
11       property interest, and (2) a denial of adequate procedural protections." *Kildare v.
         Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  State regulations may create a
12       liberty interest in avoiding restrictive conditions of confinement if those
         conditions "present a dramatic departure from the basic conditions of [the
13       inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).   In the context
         of a disciplinary proceeding where a liberty interest is at stake, due process
14       requires that "some evidence" support the disciplinary decision. *Superintendent v.
         Hill*, 472 U.S. 445, 455 (1985).  The inmate must also receive: "(1) advance
15       written notice of the disciplinary charges; (2) an opportunity, when consistent
         with institutional safety and correctional goals, to call witnesses and present
16       documentary evidence in his defense; and (3) a written statement by the factfinder
         of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454
17       (citing *Wolff*, 418 U.S. at 563-67).  The complaint is devoid of any facts
         demonstrating that he was deprived of due process in the disciplinary proceedings
18       related to his possession of dangerous contraband.

19   Dckt. No. 11 at 4-5.  Plaintiff's amended complaint does not cure the deficiencies identified in

20   the court's initial screening order.  Plaintiff claims that he was deprived of the procedures set

21   forth in section 3317.  However, plaintiff's allegations show that he received a mental health

22   assessment in accordance with section 3317, and his allegations do not demonstrate that the

23   mental health assessment resulted in a determination that plaintiff made an *actual* suicide

24   attempt.  Rather, plaintiff alleges that the assessment resulted in a finding that plaintiff's

25   depressive feelings may have led to his possession of dangerous contraband.  Thus, plaintiff does

26   not allege facts demonstrating that section 3317's procedures even applied to him.

Moreover, federal due process does require that prison disciplinary proceedings comply with the prison's own regulations. *See Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994) ("Walker's right to due process was violated only if he was not provided with process sufficient to meet the *Wolff* standard."); *see also Wolff v. McDonnell*, 418 U.S. 539, 563 (1974) (prisoner facing disciplinary measures and whose liberty interest is threatened is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken). In the amended complaint, plaintiff again fails to include facts demonstrating that the disciplinary proceedings lacked constitutionally adequate procedural protections. The amended complaint must therefore be dismissed for failure to state a claim.

Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile. Accordingly, the court should dismiss the amended complaint without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assigned a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be dismissed for failure to state a claim and that the Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

4

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4  DATED:  July 17, 2012.

5

6  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26